Noel Grefenson
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

Attorney for Charly Michael Aguayo-Caro

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHARLY MICHAEL AGUAYO-CARO,<br><br>　　　　Defendant. | Case No.: 3:12-cr-00657-SI<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Defendant, Charly Michael Aguayo-Caro, through his counsel, Noel Grefenson, submits the following points and authorities in support of his joint recommendation with the Government for a sentence of 144 months in prison.

　　1.　　PSR:

Mr. Aguayo-Caro has personally reviewed the PSR and discussed its contents with defense counsel. The PSR is accurate although the defense does not agree with the proposed enhancement under USSG § 3B1.1(c). Mr. Aguayo-Caro's plea agreement does not contemplate this enhancement. At the time of extending a plea agreement to Mr. Aguayo-Caro, the government was keenly aware of his relevant conduct yet elected to forego application of this enhancement. Although there is evidence that Mr. Aguayo-

1- DEFENDANT'S SENTENCING MEMORANDUM

Noel Grefenson
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

Caro's role in the offense included dispatching drug runners on behalf of the criminal organization, Mr. Aguayo-Caro himself was a runner during various time periods covered in the indictment. Because roles of Mr. Aguayo-Caro and other participants were flexible and fungible and because the government agrees that application of the recommended role adjustment is not appropriate, the Court should decline to apply it to Mr. Aguayo-Caro. The defense requests that the Court determine the applicable guidelines offense level to be 38, Criminal History Category II before further adjustment. Mr. Aguayo-Caro is entitled to a two level reduction for acceptance of responsibility under USSG §3E1.1(a). (PSR ¶ 45)

Mr. Aguayo-Caro does not agree that a 262 month sentence is reasonable or appropriate in this case considering the factors specified in 18 U.S.C. § 3553(a). Rather, for the reasons which follow and for the reasons specified in the government's sentencing memorandum, a sentence of 144 months is adequate to impress upon Mr. Aguayo-Caro the need to conform his behavior to the requirements of the law, to deter others from engaging in similar conduct, to assure his reformation and to punish him for his behavior.

2. <u>DEFENDANT'S SENTENCING RECOMMENDATION</u>:

To fashion an appropriate sentence for Mr. Aguayo-Caro, the Court must first determine his advisory sentencing guidelines range. The Court must thereafter consider the sentencing factors set forth in 18 U.S.C. § 3553. *Gall v. United States,* 128 S.Ct. 586, 596 (2007); *United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008). Section 3553(a) factors "include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing

2- DEFENDANT'S SENTENCING MEMORANDUM

Noel Grefenson
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Although a sentencing court must seriously consider the extent of any departure from the applicable guidelines range, "extraordinary circumstances" are not necessary for a sentence outside of that range. The guidelines are but one of several Section 3553(a) factors which a court must consider and are not entitled to any more weight than any other factor. *Carty,* 520 F.3d at 991, *Kimbrough v. United States,* 128 S.Ct. 558, 570 (2007).

Mr. Aguayo-Caro is before the Court for sentencing on a very serious drug offense. It is undisputed that the heroin which Mr. Aguayo-Caro and others distributed resulted in the death of another human being. Although Mr. Aguayo-Caro did not personally hand the drugs to the decedent, he fully appreciates his role in this death and he is extremely remorseful for what he has done. That was not always the case.

Leading up to his change of plea, Mr. Aguayo-Caro had a very difficult time coming to grips with the government's position and the penalties applicable to serious drug offenses like those for which he is responsible. Mr. Aguayo-Caro was always pleasant, polite and courteous, but remained intransigent and unwilling to face the consequences of his behavior. With trial looming over his head, the government asked for an opportunity to address Mr. Aguayo-Caro personally. In the midst of pretrial hearings, government counsel plainly explained to Mr. Aguayo-Caro the nature of its prosecution against him and the reasons for its aggressive efforts to stem the tide of heroin flowing into this community.

3- DEFENDANT'S SENTENCING MEMORANDUM

Noel Grefenson
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

Prosecuting counsel explained the reasons for their severe sentencing recommendations as a critical tool to save the lives of countless people living in Oregon. During these conversations, the reality of Mr. Aguayo-Caro's circumstances and his participation in Oregon's heroin epidemic finally sunk in. Since entering his guilty plea, Mr. Aguayo-Caro has truly come to appreciate the severity of his conduct and the destructive nature of the drugs which he distributed to others.

      Mr. Aguayo-Caro entered his guilty plea with the understanding that the government would seek a sentence of no more than 168 months in prison and he could argue for a sentence of no less than 144 months in prison. Since then, the government obtained additional information about Mr. Aguayo-Caro as well as his background, character and the circumstances of his offense. Based on that information and in light of the sentencing factors set forth in 18 U.S.C. § 3553(a), the government unilaterally elected to revise its recommendation downward to a sentences of 144 months. The Court should give great credence to the government's recommendation. It is uniquely suited to appreciate the role of the multiple participants in the underlying criminal enterprise and the appropriate punishments for those persons relative to their offense conduct.

      Among other things, the government learned that Mr. Aguayo-Caro grew up in Tepic, Nayarit, Mexico. As a young man, Mr. Aguayo-Caro's father was murdered, a devastating event which dramatically altered the course of his life. Without a father, Mr. Aguayo-Caro who was forced to take on a paternal role and provide for his extended family. These circumstances indirectly led to the criminal conduct and convictions at issue in this prosecution. Even though Mr. Aguayo-Caro faces a lengthy term of incarceration he remains in constant contact with his family and they with him. He is ashamed,

4- DEFENDANT'S SENTENCING MEMORANDUM

Noel Grefenson  
Attorney at Law  
1415 Liberty Street SE  
Salem, Oregon 97302  
(503) 371-1700  
NGrefenson@aol.com

remorseful. He has learned from this most serious mistake and is determined never to repeat it again.

It is noteworthy that other participants in the underlying criminal case received sentences far below those which are recommended for Mr. Aguayo-Caro. Cesar Pena-Acosta received a sentence of 12 months in prison as did Ashton Hill, the man who handed the heroin to the decedent. Christian Gastelum-Gutierrez, one step removed from Ashton Hill, received a state sentence of 60 months in prison. Under the totality of the circumstances, and considering the government's joint recommendation, a sentence of 144 months is reasonable and appropriate and Mr. Aguayo-Caro respectfully requests that the Court adopt that sentence.

Dated: March 5, 2014.

/s/ Noel Grefenson
Noel Grefenson, OSB No. 88216
Attorney for Charly Aguayo-Caro

5- DEFENDANT'S SENTENCING MEMORANDUM

Noel Grefenson
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com